IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN MICHEAL VANCE                                                                PLAINTIFF

v.                          Civil No. 5:25-cv-05039-BAB

SHERIFF SHAWN HOLLOWAY, Benton
County, Arkansas; CHIEF DEPUTY MEYER
GILBERT (Badge #2), Benton County Detention
Center (BCDC); MAJOR ROBERT BERSI (Badge
#3), BCDC; CAPTAIN HAROLD GAGE (Badge #5),
BCDC; LIEUTENANT BRITTANY WRIGHT
(Badge #13), BCDC; SERGEANT JEREMY
FERGUSON (Badge #500), BCDC; CORPORAL
DANIEL SKOURUP (Badge #501), BCDC; DEPUTY
KEVIN GARRETT (Badge #509), BCDC; and
DEPUTY DENNIS WIKE (Badge #504), BCDC                                              DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and Plaintiff's claims require dismissal, the Court enters its findings as a Report and Recommendation and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

### I. DISCUSSION

When Plaintiff initiated this action, he was incarcerated in the Benton County Detention Center ("BCDC"). (ECF No. 1 at 1). Plaintiff was directed to submit an Amended Complaint by March 18, 2025. (ECF No. 3). Plaintiff was informed the case was subject to dismissal if he failed to comply with the Order. *Id.*

On February 26, 2025, Plaintiff sent an e-mail notifying the Court of his change of address to Mammoth Springs, Arkansas. All returned mail from the BCDC was resent to the new address. (ECF No. 6).

On March 21, 2025, Plaintiff telephoned the Clerk's Office inquiring about the blank complaint form previously mailed to him. He indicated he had not received it. Clerk's Office staff confirmed the address on the docket sheet was correct and resent a blank prisoner complaint form and IFP application to Plaintiff.

On March 24, 2025, a Show Cause Order was entered when Plaintiff failed to file his Amended Complaint by March 18th. (ECF No. 8). Plaintiff's response was due by April 14, 2025. *Id.* Plaintiff was advised that failure to comply with the Show Cause Order "shall" subject the case to dismissal. *Id.*

On March 28, 2025, Plaintiff changed his address to Thayer, Missouri. (ECF No. 9). He also filed a Motion for an Extension of time to file his Amended Complaint. (ECF No. 10). That same day, Plaintiff's motion for an extension of time to file his Amended Complaint was granted. (ECF No. 11). Plaintiff was given an extension of time until April 18, 2025, to submit his Amended Complaint. *Id.* Plaintiff was also advised he did not have to respond to the Show Cause Order entered on March 24, 2025. *Id.*

Additionally, on March 28, 2025, in accordance with the Court's customary practice, Plaintiff was directed to either pay the balance of the filing fee or complete a new IFP application to confirm he was still entitled to proceed IFP under his free world financial status. (ECF No. 7). The filing fee or IFP application was due by April 18, 2025. *Id.* Plaintiff was advised the case "shall be subject to dismissal" if he did not either pay the filing fee or resubmit the IFP application. *Id.*

2

On April 25, 2025, when Plaintiff had failed to submit his Amended Complaint, pay the filing fee, or submit his IFP application by April 18th, to ensure procedural fairness and to give Plaintiff one more opportunity to comply with the Court's Orders, a Show Cause Order was entered. (ECF No. 13). Plaintiff's response was due by May 16, 2025. *Id.* Plaintiff was advised that failure to respond by the deadline "shall" subject the case to dismissal. *Id.*

Plaintiff has not requested additional time to respond to the Courts' Orders. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders. (ECF Nos. 11, 12 & 13). In each Order, Plaintiff was advised that failure to respond would result in the dismissal of the case.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.    CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**Status of Referral:    The referral terminates upon the filing of this Report and Recommendation.**

3

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of May 2025.

/s/ *Barry A. Bryant*

    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE